NO. 07-03-0546-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 13, 2004



______________________________




BETTY ANN NEWBY, APPELLANT



V.



SHERIA EVANS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE


ESTATE OF GEORGE RALPH NEWBY, JR., DECEASED; DAN MOSER


INDIVIDUALLY AND AS TRUSTEE FOR MOSER AND STUBBLEFIELD


INVESTMENTS; MOSER INVESTMENTS , APPELLEES



_________________________________



FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 35,150; HONORABLE JACK YOUNG, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ. 

MEMORANDUM OPINION


 On December 30, 2003, the clerk of this court received a copy of a Notice of Appeal 
filed on behalf of appellant Betty Ann Newby. By letter dated January 5, 2004, the clerk
advised appellant that a filing fee had not been received, see Tex. R. App. P. 5, nor had a
docketing statement been filed. See Tex. R. App. P. 32.1. The clerk's letter likewise
advised that no further action would be taken on the appeal by this Court until a filing fee
had been paid and that failure to pay the filing fee may result in dismissal of the appeal. 
See Tex. R. App. P. 42.3. 

 The filing fee was not paid. By letter dated January 22, 2004, the clerk advised
counsel for appellant that the filing fee had still not been paid, and that unless the filing fee
was received on or before February 2, 2004, the appeal would be subject to dismissal. 

 The filing fee has not been paid. Accordingly, this appeal is dismissed. Tex. R. App.
P. 42.3.


 Phil Johnson

 Chief Justice



 


 



N
          Appellant Gregory Brickhouse filed a notice of restricted appeal from orders entered
on December 27, 2006 in connection with a final divorce decree and child support
obligations. The reporter’s record was filed in this Court on July 25, 2007, and the clerk’s
record, on August 6, 2007. 
           By letter of September 27, 2007, this Court reminded appellant that his appellate
brief was past due. The letter notified appellant that his appeal was subject to dismissal
for want of prosecution unless his brief was filed, along with a motion for extension of time,
by October 8, 2007. On October 2, appellant filed a motion to dismiss his appeal, but the
motion was not accompanied by a certificate of conference or the required filing fee. Tex.
R. App. P. 5, 10.1(a)(5). By letter dated October 23, 2007, we notified appellant that until
these defects were corrected, we would not consider the motion. We also reminded
appellant that his appeal remained subject to dismissal for want of prosecution.  
          An appellate court may dismiss an appeal for want of prosecution if an appellant
fails to timely file a brief unless the appellant reasonably explains the failure and the
appellee is not significantly injured by the failure. Tex. R. App. P. 38.8(a)(1). On its own
motion, with ten days notice to the parties, an appellate court may dismiss a civil appeal
for want of prosecution or failure to comply with a notice from the clerk requiring a
response or other action within a specified time. Tex. R. App. P. 42.3(b),(c). Here the
record reveals appellant Brickhouse has not filed a brief or a motion for extension by the
date specified by the Court, despite notice that his failure to do so would subject the appeal
to dismissal. We further find the Court has given the parties the required ten days notice. 
          Accordingly, we now dismiss Brickhouse’s appeal for want of prosecution and failure
to comply with a notice from the Court. See Tex. R. App. P. 38.8(a)(1); 42.3(b),(c).
 
                                                                James T. Campbell

                                                                           Justice